**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 5:17-CR-9-RWS-JBB** |
| | § | |
| **TIMOTHY FRANKLIN HARPER (4)** | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On December 11, 2025, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 412. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Jake Potter.

**BACKGROUND**

Timothy Franklin Harper ("Defendant") was sentenced on December 12, 2018 before The Honorable Judge Robert W. Schroeder III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess With Intent to Distribute 500 Grams Of Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of VI, was 235 to 293 months.

The sentence imposed departed below the guideline range. The defense made a motion for the departure to which the government did not object. The reason for the departure was 4A1.3 Criminal History Inadequacy. Although the criminal history points are correctly calculated, the Court believed the criminal history category of VI substantially overrepresented the seriousness of Defendant's actual criminal history. A review of the convictions and assigned points revealed a more appropriate criminal history category of IV.

Timothy Franklin Harper was subsequently sentenced to 188 months imprisonment subject to the standard conditions of release, plus special conditions to include: Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring Defendant's sources of income. Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

He was subsequently released, and on September 9, 2025, Defendant's original term of supervised release was revoked. The Court sentenced Defendant to time served followed by one (1) year of supervised release. On September 26, 2025, Defendant's conditions of supervised release were modified as follows: Special Condition: Defendant must not possess or consume any alcoholic beverages. On November 5, 2025, Defendant's conditions of supervised release were modified as follows: Special Condition: Defendant must participate in an inpatient treatment program through Cenikor, and follow the rules and regulations of the program, until successfully discharged.

## PETITION TO REVOKE

In its Petition for Warrant or Summons for Offender Under Supervision (Dkt. No. 412), the Government alleges Defendant violated the following conditions:

1) **Defendant must not commit another federal, state or local crime.** Specifically, the Government alleges that, on or about November 24, 2025, Defendant is alleged to have committed the offense of Sexual Assault in Brenham, Texas. The U.S. Probation Office was informed that the Brenham, Texas, Police Department took a report of Sexual Assault, Case No. BRP25-02682. Defendant was identified as the suspect. As of November 26, 2025, the Brenham, Texas, Police Department is actively investigating this case.

2) **Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.** Specifically, the Government alleges that on September 22, 2025, Defendant submitted a urine specimen at the U.S. Probation Office in Tyler, Texas, which was positive for marijuana and methamphetamine and confirmed by Abbott Labs. Additionally, on October 16, 2025, Defendant submitted a urine specimen at the U.S. Probation Office in Lufkin, Texas. The results yielded a presumptive positive result for methamphetamine. Abbott Labs confirmed that the specimen was negative for methamphetamine; however, prior to the specimen being sent to Abbott Labs, Defendant signed an admission form admitting to the use of methamphetamine.

## RECOMMENDATION

The Court scheduled a final revocation hearing December 11, 2025. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true to Allegation 2 as set forth in the petition. The Government withdrew Allegation 1 contained in the petition.

Based upon Defendant's plea of true, the Court finds Defendant did violate his condition of supervised release as alleged in the U.S. Probation Office's amended petition, with respect to

Allegation 2 only. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fifteen (15) months, with no term of supervised release to follow. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the amended petition be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fifteen (15) months, with no term of supervised release to follow.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant did not, however, waive his right to allocute before the district judge imposes the recommended sentence.

SIGNED this the 12th day of December, 2025.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE